TEMPLEMAN (SIMMS v.). See Case No. 12,872.

TEN BALES OF GUNNY BAGS (PACIFIC MAIL S. S. CO. v.). See Case No. 10,648.

TEN BARRELS AND THREE KEGS (UNITED STATES v.). See Case No. 16,-444.

TEN BARRELS OF DISTILLED SPIRITS (UNITED STATES v.). See Case No. 16,-445.

---

## Case No. 13,827.

### TEN BROECK v. PENDLETON.

[5 Cranch, C. C. 464.] [1]

Circuit Court, District of Columbia. March Term, 1838.

PLEADING AT LAW—SEALED INSTRUMENT—IMPROPER ACTION—ATTACHMENT FOUNDED THEREON—AMENDMENT.

An attachment to answer in a plea of trespass on the case. founded upon a promissory note having a scrawl for a seal, will be quashed, and the plaintiff will not have leave to amend, nor to declare in debt.

This was an attachment under the Maryland act of 1795 (chapter 56), to compel the defendant [E. H. Pendleton, garnishee of E. C. Moore] to answer to the plaintiff [Richard Ten Broeck] "in a plea of trespass on the case." The capias was also to answer in a plea of trespass on the case. The short note was in these words: "The cause of action in this case is a promissory note drawn by the said Edmund C. Moore, in favor of the said plaintiff, dated Baltimore, 24th October, 1835, at one day after date, for $450, now due and unpaid."

The promissory note, produced in evidence, and which was annexed to the order of the

[1] [Reported by Hon. William Cranch, Chief Judge.]

justice, for the attachment, was as follows: "$450. Baltimore, October the 24th, 1835. One day after date, I promise to pay R. Ten Broeck, or order, the sum of $450. Edmund C. Moore. (L. S.)"

Mr. Brent appeared for the garnishee, and moved the court to quash the attachment, because it is to answer in a plea of trespass on the case, when the cause of action is in debt; the note being under seal. The case of Trasher v. Everhart, 3 Gill & J. 235, is decisive.

Mr. Bradley, for plaintiff. The practice here is different from that in Maryland. There, the short note is considered as a declaration, but here, if the defendant appears to the capias, the plaintiff may file a declaration in any form of action in case or debt. The only object of the attachment is to compel an appearance. Barry v. Foyles, 1 Pet. [26 U. S.] 311, 314.

But THE COURT will give leave to amend, if the justice of the case requires it, as in the cases of McCloud v. Coltman [Case No. 8,703] and Cooper v. Hardy [Id. 3,196]. The decisions of the Maryland courts since the separation are not binding upon this court. Wallingford v. Allen, 10 Pet. [35 U. S.] 583.

THE COURT (CRANCH, Chief Judge, contra) was of opinion that the attachment should be quashed.

Mr. Bradley then moved to amend the short note by stating the instrument to be under seal, and to declare in debt. There is no bail to be injured by the amendment. The property of the debtor, himself, is attached. The motion to quash is made really by the defendant, through the garnishee.

THE COURT refused leave to amend by changing the action from case to debt, because the short note of the cause of action would not have given the defendant the notice which the act contemplates. The attachment was quashed, because it was to compel the defendant to answer in an action of trespass on the case, when the cause of action was in debt upon a sealed instrument.